IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Andrew K.,[1] | ) Case No. 6:23-cv-05391-JDA |
|         Plaintiff, | ) |
| v. | ) **OPINION AND ORDER** |
| Commissioner of Social Security Administration, | ) |
|         Defendant. | ) |

This matter is before the Court on an action brought by Plaintiff pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Commissioner of Social Security (the "Commissioner") denying Plaintiff's claim for Supplemental Security Income ("SSI") under the Social Security Act (the "Act"). In accordance with 28 U.S.C. § 636(c) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings.

On December 26, 2024, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that the Commissioner's decision be affirmed.[2] [Doc. 33.] The Magistrate Judge advised the parties of the procedures and

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that due to significant privacy concerns in Social Security cases, federal courts should refer to plaintiffs only by their first names and last initials.

[2] As noted by the Magistrate Judge, this matter is back before the Court following an earlier remand by this Court and the Social Security Administration's Appeals Council directing the ALJ to give further consideration to the medical source opinions and prior administrative medical findings; further evaluate Plaintiff's alleged symptoms and provide

requirements for filing objections to the Report and the serious consequences if they failed to do so.  [*Id.* at 30.]  Plaintiff filed objections to the Report, and the Commissioner filed a reply.  [Docs. 39; 40.]

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The Court is charged with making a de novo determination of any portion of the Report to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

Under 42 U.S.C. § 405(g), the Court's review of the Commissioner's denial of benefits is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard."

---

rationale in accordance with the disability regulations pertaining to evaluation of symptoms; give further consideration to Plaintiff's maximum residual functional capacity and provide appropriate rationale with specific references to evidence of record in support of the assessed limitations; and obtain supplemental evidence from a vocational expert [R. 845–47, 852–54.]  A supplemental hearing was held on May 17, 2023 [R. 796–819], and on June 30, 2023, the ALJ issued a decision denying Plaintiff's application for SSI benefits [R. 771–95].  This suit followed.

*Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).  "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion . . . it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance."  *Id.* (internal quotation marks omitted).  In reviewing the evidence, the Court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]."  *Id.*  Consequently, even if the Court disagrees with the Commissioner's decision, the Court must uphold it if it is supported by substantial evidence.  *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

## **DISCUSSION**

The Report concludes that the ALJ's findings are supported by substantial evidence and free of legal error and should therefore be affirmed.[3]  [Doc. 33 at 29.]

In his initial brief, Plaintiff argued that the ALJ failed to consider all his impairments in combination as required by federal regulations and the Fourth Circuit.  [Doc. 17 at 19–26.]  Specifically, Plaintiff alleged the ALJ failed to explain how he considered his obesity in the residual functional capacity ("RFC") explanation [*id*. at 19–22]; failed to consider evidence regarding his insomnia [*id*. at 22–23]; and failed to properly consider his mental impairments [*id*. at 24–26].  Plaintiff also argued that the ALJ failed to explain his RFC findings as required by Social Security Ruling 96-8p.  [*Id.* at 26–31.]  Specifically, Plaintiff argued that the ALJ did not properly evaluate his symptoms related to pain and

---

[3] The Magistrate Judge provided an accurate and thorough recitation of the procedural and medical history, as well as the ALJ's findings, and the Court therefore will not repeat it here.

3

neuropathy. [*Id*. at 28–31.] Lastly, Plaintiff argued that the ALJ failed to properly evaluate his subjective symptomology. [*Id*. at 31–34.]

In his Report, the Magistrate Judge first concluded that the ALJ's determination that Plaintiff's insomnia and mental impairments were non-severe was supported by substantial evidence and that even if the ALJ erred in finding those impairments to be non-severe, such error was harmless because the ALJ considered them in crafting Plaintiff's RFC. [Doc. 33 at 6–18.] Second, the Magistrate Judge concluded the ALJ appropriately explained how he accounted for Plaintiff's obesity. [*Id*. at 19–20.] Third, the Magistrate Judge concluded the ALJ's RFC assessment with respect to Plaintiff's back pain and neuropathy is supported by substantial evidence and free from legal error. [*Id*. at 20–24.] And lastly, the Magistrate Judge concluded that substantial evidence supports the ALJ's examination of Plaintiff's subjective complaints. [*Id*. at 24–28.]

In his objections to the Report, Plaintiff argues the ALJ failed to explain how he considered Plaintiff's obesity when reviewing Plaintiff's reports of pain or limitations in mobility and, therefore, the RFC findings are unreviewable by the Court. [Doc. 39 at 2.] Plaintiff also contends that, with respect to his insomnia, the Magistrate Judge engaged in an analysis of the record that is entirely missing from the ALJ's decision and that a careful review of the decision does not show the ALJ made the same observations. [*Id*. at 4.] With respect to his mental impairments, Plaintiff contends the Magistrate Judge failed to explain why Plaintiff's subjective report that he did not have problems with persistence was more persuasive than the opinion of consultative examiner Dr. Cashton Spivey that Plaintiff would have trouble with persistence in the workplace. [*Id*. at 6.] Plaintiff contends that the ALJ and the Magistrate Judge relied on Plaintiff's subjective

reports only when they support a denial of benefits. [*Id*. at 7.] With respect to the RFC determination, Plaintiff argues that Magistrate Judge did not and could not point to the ALJ's specific analysis of the effects of obesity on the RFC because it does not exist. [*Id*. at 10.] Additionally, Plaintiff contends the ALJ erred by failing to explain how the RFC assessment accounted for his back pain and neuropathy. [*Id*.] Lastly, Plaintiff argues that although the ALJ found his limitations were not as severe as alleged due to a lack of emergency room visits for acute symptoms, and the Magistrate Judge found the ALJ properly considered a lack of emergency care, the Magistrate Judge failed to cite any case law to support this determination. [*Id*. at 11.] Again, Plaintiff contends the ALJ selectively cited evidence that supports a denial of benefits while ignoring evidence favorable to Plaintiff. [*Id*.]

**RFC**

Upon review, the Court finds that most of Plaintiff's challenges are challenges to the ALJ's RFC finding. The Court will address each challenge seriatim.

*Obesity*

The Magistrate Judge determined that the ALJ appropriately explained his consideration of Plaintiff's obesity for the following reasons: (1) Plaintiff had no complaints regarding weight gain or obesity and reported no functional limitations secondary to obesity, and (2) both severe and non-severe impairments (such as obesity) were considered as part of limiting Plaintiff to a range of light work. [Doc. 33 at 19–20.] The Magistrate Judge noted that the ALJ addressed Plaintiff's non-severe impairments (including obesity) in connection with his other impairments in explaining the limitations in the RFC assessment. [*Id*. at 20.]

Plaintiff contends the ALJ failed to explain how he considered Plaintiff's obesity in combination with severe impairments of degenerative disc disease of the lumbar spine and arthritis in the knees; did not consider the significant weight gain that occurred over the period under review; and failed to consider how obesity, in combination with insomnia, affected Plaintiff's susceptibility to fatigue. [Doc. 39 at 1–2; *see* Doc. 17 at 19–22.] The Commissioner argues the ALJ adequately considered Plaintiff's non-severe obesity in combination with his other severe impairments. [Doc. 40 at 2.] Specifically, the Commissioner contends Plaintiff bore the burden of demonstrating how obesity exacerbated his other impairments and the record did not contain any evidence to support that conclusion. [*Id*. at 3.] The Commissioner argues that any error by the ALJ with respect to Plaintiff's obesity was harmless error. [*Id*.]

The Court agrees with the Magistrate Judge that remand is not warranted. An ALJ's "failure to consider the effect of obesity is subject to harmless-error analysis." *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009). The Court notes that several cases in this district have adopted the holding in *Skarbek v. Barnhart*, 390 F.3d 500, 504 (7th Cir. 2004), that in cases where obesity is not discussed in an ALJ's RFC, remand is unnecessary when a plaintiff fails to show how obesity impairs his ability to perform work activities beyond the limits attributable to other impairments. *See, e.g., Risner v. Saul*, No. 8:19-753-BHH, 2020 WL 5525391, at *4 (D.S.C. Sept. 15, 2020); *Backman v. Colvin*, No. 4:12-cv-1897-TER, 2014 WL 798356, at *5 (D.S.C. Feb. 27, 2014); *Smith v. Astrue*, No. 8:10-cv-2624-CMC-JDA, 2012 WL 786944 (D.S.C. Jan. 18, 2012), *Report and Recommendation adopted by* 2012 WL 786853 (D.S.C. Mar. 9, 2012).

Here, the ALJ discussed Plaintiff's obesity at Step 2 of the five-step evaluation, finding it non-severe with no evidence of ongoing functional limitations due to the limited nature of complaints and lack of evidence of functional limitations for 12 months. [R. 776.] At Step 4, the ALJ noted Plaintiff's height and weight as stated at the initial hearing. [R. 781.] And although that is the extent of the ALJ's direct discussion of Plaintiff's obesity, Plaintiff makes no attempt to demonstrate how obesity inhibits his ability to function beyond his already established impairments; he simply notes that the ALJ failed to assess it when considering his RFC. References are made to Plaintiff's height and weight throughout the record, with no suggestion that plaintiff was further limited by his obesity. Because Plaintiff has failed to demonstrate how obesity affects his ability to function, and because the medical evidence on record incorporated the seemingly limited effects of Plaintiff's obesity, the ALJ's failure to reference obesity in Plaintiff's RFC is at most harmless error. *See Childers v. Astrue*, No. 1:09CV225, 2012 WL 1267897, at *9 (M.D.N.C. Apr. 16, 2012) (declining to remand where "references to Plaintiff's weight and high body mass index appear[ed] throughout her medical records, but neither her treating physicians nor consultative examiners attributed any added degree of limitation to these conditions"). The Court, therefore, overrules Plaintiff's objection.

*Insomnia*

The Magistrate Judge concluded that the ALJ evaluated Plaintiff's insomnia in the decision, noting that it was non-severe based on the lack of evidence of ongoing functional limitations as well as the limited nature of Plaintiff's complaints about insomnia and his positive response to treatment. [Doc. 33 at 6.] The Magistrate Judge noted that the treatment records Plaintiff cited in support of his argument that insomnia was a severe

impairment confirm the intermittent nature of his sleep troubles, as they encompass only a small portion of Plaintiff's voluminous treatment records. [*Id*. at 7.] The Magistrate Judge also noted that the ALJ recognized that there were no applicable insomnia treatment records from 2018, the year the application was filed, and there were limited treatment records from 2019. [*Id*.] And although Dr. Spivey noted during the consultative exam that Plaintiff reported sleep disturbance, he scored 30/30 on the Mini-Mental State Examination, indicating normal functioning. [*Id*.] The Magistrate Judge noted that another gap in treatment records mentioning insomnia or trouble sleeping until June 2021 supports the ALJ's finding that Plaintiff's insomnia was non-severe and did not cause ongoing functional limitations for any 12-month period. [*Id*. at 8.] Thus, the Magistrate Judge concluded the ALJ's findings regarding Plaintiff's non-severe impairment of insomnia was supported by substantial evidence. [*Id*. at 9.]

Plaintiff argues the ALJ failed to properly consider evidence documenting the severity of his insomnia. [Doc. 39 at 2–5.] Specifically, Plaintiff claims the ALJ failed to consider a sleep study from March 2023 and Dr. Fitzgerald Drummond's recommendation that Plaintiff be treated for insomnia if clinically indicated, and Plaintiff challenges the Magistrate Judge's post hoc analysis of the record as being "entirely missing from the ALJ's decision." [*Id*. at 4.] Further, Plaintiff claims the ALJ erred in failing to find his insomnia to be a severe impairment. [*Id*. at 6.]

The Commissioner contends the Report correctly rejected Plaintiff's argument because the ALJ evaluated Plaintiff's insomnia and substantial evidence supports finding it to be non-severe. [Doc. 40 at 4.]

Upon review, the Court notes that the ALJ specifically considered Plaintiff's insomnia during the RFC analysis. [R. 781.] Therefore, even if the ALJ erred in his finding that Plaintiff's insomnia was not a severe impairment, that error was harmless because the ALJ found that Plaintiff had at least one severe impairment and the ALJ took into consideration all of Plaintiff's impairments, both severe and non-severe, when assessing his RFC. 20 C.F.R. § 416.945(a)(2). Accordingly, the Court overrules Plaintiff's objection.

### *Mental Impairments*

The Magistrate Judge specifically addressed the ALJ's finding that Dr. Spivey's opinion was only partially persuasive. [Doc. 33 at 11–13.] The Magistrate Judge explained that "in finding Dr. Spivey's opinion regarding persistence unpersuasive, the ALJ recognized that [Plaintiff] reported that he did not expect to have trouble with persistence in the workplace, and the ALJ found that the record evidence as a whole was inconsistent with Dr. Spivey's opinion." [*Id*. at 13.] The Magistrate Judge noted that Plaintiff reported that he expected he would have problems with stamina in the workplace due to low energy, but Dr. Spivey noted that based on his observations, Plaintiff had a satisfactory energy level. [*Id*. at 12.] Although Dr. Spivey opined that Plaintiff had fair attention and fair-to-poor concentration, the ALJ found that there was little to no evidence in the record to support the conclusion that Plaintiff would have difficulty with persistence in the workplace, particularly where Plaintiff himself stated he did not believe he would have such problems. [*Id*. at 13.] Ultimately, the Magistrate Judge found the ALJ appropriately evaluated opinion evidence from Dr. Spivey in determining that the Plaintiff did not have a severe mental impairment. [*Id*. at 14.]

As stated, Plaintiff argues the ALJ erred in assigning more weight to a subjective report by Plaintiff that he did not believe he would have problems with persistence in the workplace than to Dr. Spivey's objective observation that Plaintiff would display difficulty with persistence in the workplace. [Doc. 39 at 5–6.] Plaintiff contends the ALJ failed to consider impairments in combination when he omitted any discussion about how fatigue related to his insomnia affected Plaintiff's ability to sustain work. [*Id*. at 6.] Plaintiff also argues the ALJ's failure to consider both persistence and stamina, and the Magistrate Judge's failure to address this argument raised in the initial brief, merits remand. [*Id*. at 7.] Further, Plaintiff contends that the ALJ and the Magistrate Judge relied on Plaintiff's subjective reports only when they support a denial of benefits. [*Id*.]

The Commissioner argues in response that the ALJ provided a rational explanation for accepting some of Plaintiff's statements and not others. [Doc. 40 at 6–7.] The Commissioner also argues the Plaintiff failed to explain what RFC limitations should have been included to address these issues. [*Id*. at 8.]

Upon review, the Court agrees with the Magistrate Judge that the ALJ's consideration of Dr. Spivey's opinion is supported by substantial evidence. The Court notes the ALJ used the correct legal standard for analyzing Dr. Spivey's opinion and in finding it partially persuasive. *See* 20 C.F.R. § 416.920c(a) ("The most important factors we consider when we evaluate the persuasiveness of medical opinions . . . are supportability . . . and consistency."). A reviewing court must "uphold a Social Security disability determination if (1) the ALJ applied the correct legal standards and (2) substantial evidence supports the ALJ's factual findings." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 94 (4th Cir. 2020). It is the duty of the ALJ to weigh contradictory

evidence, and the ALJ explained his reasoning based on the evidence of record. *See Hancock v. Astrue*, 667 F.3d 470, 476 (4th Cir. 2012) ("We are not at liberty to reweigh conflicting evidence or substitute our judgment for that of the ALJ." (cleaned up)).

The ALJ properly considered all the record evidence in determining the persuasiveness of Dr. Spivey's opinion. And although Plaintiff argues that "[i]t is possible that Plaintiff felt he would have the ability to overcome obstacles at work (persistence) but not have the strength or energy to sustain effort over a long period of time (stamina)" [Doc. 39 at 7], Plaintiff has failed to direct the Court to any evidence of record not considered by the ALJ that would support such a finding. Plaintiff also does not explain how his supposed problems with persistence and/or stamina in the workplace would be sufficient to prevent him from meeting the demands of unskilled light work. Thus, the Court finds no error and overrules Plaintiff's objection.

### *Back Pain and Neuropathy*

With respect to Plaintiff's back pain and neuropathy, the Magistrate Judge concluded the ALJ examined Plaintiff's longitudinal treatment records in finding that Plaintiff could engage in a range of light work, meaning that Plaintiff essentially seeks to have this Court reweigh the evidence and come to a different conclusion, which is beyond the purview of substantial evidence review. [Doc. 33 at 20–21.] Specifically, the Magistrate Judge noted that, as outlined in detail in the ALJ's decision, although Plaintiff had some subjective reports of pain and trouble with certain activities, his treatment records noted relatively normal examination findings, and he denied having complaints or concerns during many of his treatment visits. [*Id.* at 21–23.] The Magistrate Judge went

11

on to find that the "the ALJ evaluated [Plaintiff's] subjective complaints and found them inconsistent with the record evidence, thus undermining his assertion." [*Id*. at 24.]

Plaintiff argues the ALJ failed to properly explain how the RFC accounted for his severe back pain and neuropathy in combination with his obesity. [Doc. 39 at 8.] Plaintiff contends that the ALJ failed to consider the possibility that Plaintiff's pain and/or limited range of motion was increased due to his obesity and that the Magistrate Judge did not address specific analysis by the ALJ of the effects of obesity on the RFC because such analysis does not exist. [*Id*. at 10.] The Commissioner argued in response that Plaintiff made the same argument in his brief and that the Report properly rejected the argument based on the longitudinal record. [Doc. 40 at 8.]

Upon review, the Court finds no error and overrules Plaintiff's objection. As stated above, the Court found harmless error in the ALJ's consideration of the effects of obesity on Plaintiff's RFC. With respect to any limitations associated with Plaintiff's back pain and neuropathy, the Court concludes the ALJ's decision provides a clear narrative describing how the evidence supports his conclusions, thus permitting judicial review. *See Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016).

**Subjective Complaints**

The Magistrate Judge acknowledged that SSR 16-3 provides that an ALJ's decision "'must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms.'" [Doc. 33 at 26 (quoting 2017 WL 5180304, at *10 (applicable date Mar. 28, 2016)).] In that vein, the Magistrate Judge concluded that the ALJ

12

summarized Plaintiff's subjective allegations and analyzed them considering Plaintiff's longitudinal treatment history and other record evidence as required by the regulations. [*Id.* at 27.] Additionally, the Magistrate Judge noted that the ALJ appropriately examined Plaintiff's subjective complaints considering the treatment used by Plaintiff by noting Plaintiff's lack of emergent care during the relevant period. [*Id.*]

Plaintiff argues that the ALJ's conclusion that treatment notes generally did not indicate significant complaints of inability or difficulty doing activities of daily living is not supported by the evidence. [Doc. 39 at 11.] Plaintiff contends that although the Magistrate Judge noted the ALJ found Plaintiff's subjective complaints internally inconsistent, neither the Magistrate Judge nor the ALJ explained how Plaintiff's report that he was unable to do things around the house for more than 30 minutes is inconsistent with repairing things, working in the yard, and cutting the grass with a riding lawn mower. [*Id*.]

For the reasons set out in the Report [Doc. 33 at 27–28], the Court agrees with the Magistrate Judge that the ALJ clearly considered the record evidence in concluding that Plaintiff was capable of unskilled light work with certain postural limitations. Therefore, the Court overrules Plaintiff's objection.

## **CONCLUSION**

The Court has conducted a de novo review of the Report, the record, and the applicable law. Upon such review, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, the decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

March 28, 2025
Greenville, South Carolina

14